UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRANDON J. CHARLOTTEN,

            Petitioner,

        -v-                                   9:24-CV-1491

BRYAN HILTON, Superintendent
of the Mid-State Correctional Facility

            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

BRANDON J. CHARLOTTEN
Petitioner, *Pro Se*
23-B-3326
Mid-State Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. LETITIA A. JAMES              JAMES F. GIBBONS, ESQ.
Attorney General of the
   State of New York
The Capitol
Albany, New York 12224-0341

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On November 25, 2024, petitioner Brandon J. Charlotten ("petitioner"),

acting *pro se*, filed a writ of habeas corpus petition in the Eastern District of

New York pursuant to 28 U.S.C. § 2254 against defendant the State of New York.[1]  Dkt. No. 1.  Briefly stated, on July 14, 2023, petitioner plead guilty to: 1) arson in the third degree; and 2) assault in the second degree in Chenango County Court.  *Id*.  Petitioner now contends he did not receive credit for time served before his plea and sentencing—*i.e.*, a total of 576 days.  *Id*.  On December 9, 2024, the petition was transferred to the Northern District of New York.  Dkt. Nos. 4–5.

On June 13, 2025, respondent moved for leave to file a motion to dismiss the petition without prejudice pursuant to 28 U.S.C. § 2244(d)(1).  Respondent argues that plaintiff's habeas petition should be dismissed as unexhausted because petitioner has failed to prove that he has exhausted his state court remedies as to *any* of the claims in his petition.  Respondent's Memorandum, Dkt. No. 12-2.  Notably, respondent contends that plaintiff filed a motion to vacate judgment pursuant to N.Y. C.P.L. § 440.10 in Chenango County Court but withdrew the motion before it was ever decided.  *Id*.

On June 16, 2025, U.S. Magistrate Judge Mitchell J. Katz granted respondent's motion and provided petitioner thirty days to respond.  Dkt. No.

---

[1] Thereafter, on December 30, 2024, U.S. Magistrate Judge Mitchell J. Katz issued a Decision & Order finding petitioner incorrectly named "The People of the State of New York" as the respondent and ordered the case caption be updated to instead reflect Bryan Hilton, Superintendent of the Mid-State Correctional Facility (hereafter the "Respondent").  Dkt. No. 6.

13. On July 9, 2025, petitioner filed their response contending that: 1) he has exhausted all state remedies as to his claims; 2) a motion to vacate the judgment was filed in Chenango County Court; and 3) the motion filed in Chenango County Court was withdrawn by his counsel without his consent. Dkt. No. 14.

On October 24, 2025, Judge Katz issued a Report & Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c) recommending that: 1) respondent's motion to dismiss be granted; and 2) the § 2255 petition be dismissed without prejudice. Dkt. No. 16. In support, Judge Katz advised that petitioner failed to exhaust his state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or otherwise show that the state court record at issue in this matter received any further review from the state courts after withdrawing his C.P.L. § 440.10 motion in Chenango County Court. *Id*.

Judge Katz further recommended that the Court decline to stay the petition. Dkt. No. 16. In support, Judge Katz advised that petitioner has failed to exhaust his state court remedies or otherwise demonstrate that they are meritorious. *Id*. Judge Katz also advised that petitioner has made no request for the petition to be stayed and that even if petitioner had, such request would still be denied because the petition lacks merit. *Id*. Specifically, Judge Katz advised that the state court record indicates

- 3 -

petitioner *was* granted the time-served credit against his aggregate sentence. *Id*. Plaintiff has not filed any objections and the deadline to do so has passed. *See id*.

Upon review for clear error, Judge Katz's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 16) is ACCEPTED and ADOPTED in all respects;

2. Respondent's motion to dismiss (Dkt. No. 12) is GRANTED;

3. The petition (Dkt. No. 1) is DISMISSED without prejudice; and

4. The Clerk is directed serve a copy of this Order on plaintiff by regular mail.

The Clerk is further directed to terminate the pending motions (Dkt. Nos. 1, 12) and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: November 19, 2025
   Utica, New York.